■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO VERGARA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIDAL MARTINEZ, Appellant. — Judgment of the Supreme Court, New York County (Myriam J. Altman, J.), rendered December 18, 1981, convicting defendant Vergara, after a jury trial, of the crime of murder in the second degree and sentencing him to a term of 16 years to life, affirmed. ¶ Judgment of the Supreme Court, New York County (Myriam J. Altman, J.), rendered December 18, 1981, convicting defendant Gonzalez, after a jury trial, of the crimes of murder in the second degree and criminal sale of a controlled substance in the third degree, and sentencing him to terms of 25 years to life and 9 to 18 years, respectively, to run concurrently, modified, on the law, to reverse the sentence on the charge of criminal sale of a controlled substance in the third degree, vacated, and the matter remanded to the trial court for resentencing on that charge, and otherwise affirmed. ¶ Judgment of the Supreme Court, New York County (Myriam J. Altman, J.), rendered December 18, 1981, convicting defendant Martinez, after a jury trial, of the crime of murder in the second degree, and sentencing him to a term of 15 years to life, affirmed. ¶ Appellant Gonzalez and codefendants were convicted in the shooting death of an 83-year-old jeweler in his small store at 340 West 57th Street. Although the evidence was largely circumstantial, it amply supported the findings of the jury. ¶ Prior to sentencing on the murder charges, defendant Gonzalez pleaded guilty to criminal sale of a controlled substance in the third degree and other charges. He was sentenced to a term of 9 to 18 years as a class B predicate felon, that sentence to run concurrently with the other sentences imposed. The prosecutor concedes that at the time of the commission of the narcotics sale (April, 1979), it was a class A-III felony and not a class B felony, as it was at the time of sentence. Hence, the imposition of a sentence of 9 to 18 years on that charge was illegal. Accordingly, we vacate the sentence imposed for criminal sale of a controlled substance in the third degree only, and remand the matter to the trial court for resentencing on that charge. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.